IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| | : |
| VERNON J. LEFTRIDGE | |
| | : |
| | |
| v. | : Civil Action No. DKC 25-1292 |
| | |
| | : |
| STATE OF MARYLAND DEPARTMENT | |
| OF HUMAN SERVICES | : |

**MEMORANDUM OPINION**

The court provided Plaintiff Vernon J. Leftridge ("Mr. Leftridge") to and including May 29, 2025, to show cause why this case should not be remanded to the Circuit Court for Montgomery County, Maryland and to file a copy of all the documents filed in the state court action. (ECF No. 20). Defendant State of Maryland Department of Human Services ("Defendant") filed a motion to remand on May 15, 2025, asserting that Mr. Leftridge is the plaintiff in the state action and that the case was removed improperly because only a defendant may remove a state court action to a federal court and, then, only if the federal court would have original jurisdiction over the matter. (ECF No. 11). Mr. Leftridge has not provided any justification for this removal. For the following reasons, the case will be remanded.

In its motion to remand, Defendant explains that the state case began when Mr. Leftridge requested a hearing before the Maryland Office of Administrative Hearings ("MD OAH") challenging

the amount of monthly assistance Defendant determined him to receive.    The MD OAH affirmed the decision of Defendant on February 12, 2024.    On February 29, 2024, Mr. Leftridge filed a petition for judicial review in the Circuit Court for Baltimore County, Maryland (Case No. C-03-CV-000796) and removed the state case to this court on April 3, 2024 (Civil Action No. GLR 24-985). This court remanded the first-removed action on April 25, 2024, after finding that removal was improper because Mr. Leftridge was the plaintiff.    Subsequently, the Circuit Court for Baltimore County, Maryland transferred the case to the Circuit Court for Montgomery County, Maryland who assigned the action as Case No. C-15-CV-25-000901.    The Clerk opened this case when Mr. Leftridge filed a notice removing the case from the Circuit Court for Montgomery County, Maryland.    Thus, this is the second time Mr. Leftridge has attempted, improperly, to remove the same action.

This court issued an Order on April 24, 2025, directing Mr. Leftridge to show cause within thirty (30) days as to why this case should not be remanded and advised that:

> Under 28 U.S.C. § 1441(a), only actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by **the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending."    The original plaintiff may NOT remove under the general removal statute.    *Jackson v. Home Depot U.S.A.*, 880 F.3d 165, 167 (4th Cir. 2018)(citing *Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108
(1941). Mr. Leftridge, as Petitioner appears
to have initiated an action against the State
of Maryland Department of Human Services and
as such, he cannot institute removal under any
of the removal statutes. Thus, removal of this
case to this court may be improper regardless
of the asserted basis for jurisdiction.

ECF No. 7, p. 2.

Mr. Leftridge's response(s) to the court's order to show cause
and Defendant's motion to remand were due May 29, 2025. Since the
filing of the court's order to show cause and Defendant's motion
to remand, he has filed motions and declarations, but has not
specifically addressed, or proven, that he is a defendant in the
underlying state court case by filing a copy of the complaint.

On May 28, 2025, Mr. Leftridge filed a motion titled "motion
for short extension of time to file documents never mailed or
properly served upon Vernon J. Leftridge, Jr. by state court
opposing counsel and opposing parties" (ECF No. 24) and a motion
titled "emergency motion for order compelling opposing counsel,
state court, & Connecticut to file all motions, transcripts, and
documents filed with state court with U.S. District Court record
not properly served upon IFP pro se home."[1] (ECF No. 25). He

---

[1] The motion has a different title on page three, namely
"Emergency motion for order compelling chief clerk of circuit Court
of Montgomery County and opposing counsel to file on U.S. District
Court all judicial notices, transcripts, motions, filed notice of
removal, ex parte judicial notices, pleadings and all materials
filed with Circuit Court of Montgomery County ("state court")
before May 22, 2025 including any and all motions, documents,

requests an extension of time to file the documents filed in the state court action as required by Local Rule 103.5 and asserts that copies of these documents have not been provided to him. On one page of the motion, he requests an extension to submit the required documents until June 6, 2025, and on other pages of the motion, he requests an extension "until either opposing counsel and State Court files on the U.S. District Court Record all documents filed under case number C-15-CV-25-000901 or immediately mail overnight all the documents never served upon IFP PRO SE at his operative home address . . ."[2] On May 29, 2025, Mr. Leftridge filed a motion seeking to have this court issue a subpoena directing the Clerk of the Circuit Court for Montgomery County, Maryland to provide a copy of the documents in the state case. (ECF No. 28).

---

transcripts, notices of removal from state court to U.S. District Court, and all materials filed with state court, all pleadings filed including all pleadings filed electronically with state court and U.S. District Court prior to May 22, 2025, that has never been mailed to IFP pro se litigant Vernon J. Leftridge, Jr. home address or served upon IFP pro se at his home address: 13400 Cedar Creek Lane, Silver Spring, Maryland 20904 before filed notice of removal filed transferring and removing state court case to U.S. District Court after notice of removal suspending state court jurisdiction while removed case been within federal jurisdiction of U.S. District Court District of Maryland Greenbelt."

[2] On May 29, 2025, Mr. Leftridge filed a motion for immediate appointment of a United States Attorney to represent him (ECF No. 27). As Mr. Leftridge was advised in the court's order of May 23, 2025, this court is without the authority to decide motions outside the parameter of establishing jurisdiction until jurisdiction is proven.

Mr. Leftridge filed a Declaration on May 23, 2025, and a supplement on May 29, 2025, contending that the action is before this court properly because it involves federal government interstate decisions and agencies. (ECF Nos. 23, 26). Mr. Leftridge's Declaration and supplement do not address the court's question concerning the ability of an original plaintiff to remove the action.

Mr. Leftridge states in the Removal Notice that he is "the petitioner and alleged, putative defendant (erroneously named as "Petitioner" in the case detail, complaint, and summons) . . ." (ECF No. 1, p. 2). Based on Mr. Leftridge's statement, he is in possession of the Complaint and related documents, otherwise, he would not be aware of their content. Moreover, were he the defendant in this action, he would have the Complaint and Summons after having been served.

The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004). The purported federal question serving as the basis for jurisdiction would appear in the complaint. More than thirty (30) days have passed, and Mr. Leftridge has not provided the Complaint to the court so that it can determine whether it has jurisdiction. Another extension of time will not remedy this deficit.

The motions asking this court to direct either opposing counsel or the Clerk of the Circuit Court for Montgomery County, Maryland to provide the required documents from the state case to this court will be denied. Mr. Leftridge is a registered user of the Maryland Electronic Courts ("MDEC") system which gives him electronic access to the state case records in this case. (ECF No. 11, pp. 7, 8). He also has elected to participate in this court's Electronic Document Submission System which permits him to receive documents filed in this case electronically and to submit documents for filing by email to the Clerk's Office.[3] (ECF No. 13). With electronic access to his case records in both this court and the state court, Mr. Leftridge has the ability to access documents from the underlying state case and email them to the Clerk of this court to docket them.

Removal of this case is improper, and it must be remanded. Mr. Leftridge has failed to show that he is the defendant in this case by providing a complaint against him. He is not a defendant in the state case; rather, he is the plaintiff, and a plaintiff cannot institute removal. Removal to federal court cannot substitute for an appeal of an adverse ruling by the state court. His avenue of redress might be through the appellate process in

---

[3] *See* https://www.mdd.uscourts.gov/sites/mdd/files/EDSS-AdminProcedures.pdf last viewed 5/29/25.

state court.  This court, however, lacks jurisdiction to hear the case.

For the foregoing reasons, Defendant's motion to remand will be granted.  The motions filed by Mr. Leftridge seeking more time and for others to file documents from the state case will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge